UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Western Thrift and Loan Corp.,

        Plaintiff,

v.                                                Civil No. 11-3644 (JNE/TNL)
                                                ORDER

Sebastian Rucci,

        Defendant.

      Plaintiff Western Thrift and Loan Corp. ("Western Thrift") brought this action against Defendant Sebastian Rucci ("Rucci"), alleging claims of negligence/malpractice and breach of contract relating to Rucci's representation of Western Thrift in a previous legal proceeding. Now before the Court is Rucci's motion to dismiss for lack of personal jurisdiction.

## I.    BACKGROUND

      Western Thrift is a Nevada corporation; Rucci is a citizen of Ohio and practices law in Ohio and California. In a previous legal proceeding (the "R&D Litigation"), various Minnesota residents brought suit against Western Thrift and other defendants, including Homeowners Lending Corp. ("HLC"), in the United States District Court, District of Minnesota (Civil File No. 07-4306 DSD/JJG). According to Western Thrift, the R&D Litigation related to the Minnesota plaintiffs' relationship with HLC, not with Western Thrift. Western Thrift and HLC were parties to a Service Agreement, under which HLC was required to defend, indemnify and hold Western Thrift harmless with respect to the R&D Litigation. Pursuant to this agreement, Western Thrift tendered the defense of the R&D Litigation to HLC, and HLC agreed to defend the lawsuit.

      Initially, HLC retained another law firm (the "Patterson firm") to represent the defendants in the R&D Litigation, but HLC discharged the Patterson firm and retained Rucci to represent the defendants—this included representation of Western Thrift. Rucci was not

1

admitted to practice law in Minnesota. On March 24, 2009,[1] he filed an application for admission pro hac vice to represent the defendants in the R&D Litigation. In his application, he "request[ed] permission to appear and participate as an attorney at law on behalf of defendants" and "agree[d] to participate in the preparation and the presentation of the case . . . and accept service of all papers served." Because he was not associated with local counsel, his application was denied on March 26. On April 2, 2009, the Court granted the Patterson firm's motion to withdraw, ordering the firm to send a letter to all defendants advising them of the withdrawal. The Court also ordered that the defendants obtain new counsel before May 1, 2009. On April 3, 2009, the Patterson firm notified Western Thrift that it was withdrawing as counsel, and that it had been informed that Rucci would be taking over the case. On May 5, 2009, Rucci emailed an informal request to the magistrate judge, seeking an extension of time to associate with local counsel. In that letter, Rucci explained that he had "contacted four local attorneys, but ha[d] not been able to find one willing to act as local counsel, at the cost offered by the Defendant." The magistrate judge denied the motion on May 12, 2009.

On May 26, 2009, the plaintiffs in the R&D Litigation moved for entry of default against the defendants—their motion against Western Thrift was based on Western Thrift's failure to timely obtain new counsel. On June 9, 2009, Rucci, on behalf of HLC, filed in this Court a notice of filing bankruptcy, which stayed the R&D Litigation. In October 2009, the stay was lifted. A pretrial conference was held on November 30, 2009. No attorney appeared on behalf of Western Thrift. Although Rucci had been receiving copies of all the notices and submissions in the R&D Litigation, he did not participate in any manner after filing the bankruptcy notice. On January 21, 2010, the plaintiffs in the R&D Litigation again filed a motion for entry of

---

[1] Rucci's application is dated March 9, 2009, but was filed on March 24, 2009.

default judgment against the defendants.  The Court granted the motion on May 10, 2010, stating that "Rucci did not take the steps necessary to be admitted to practice before this court, nor did he secure substitute counsel as required by the magistrate judge's April 1, 2009, order.  The court imputes Rucci's failure to defend this case to Western Thrift, and default judgment is warranted on this basis."  Western Thrift subsequently entered into a settlement agreement with the R&D plaintiffs.

Western Thrift filed the current action against Rucci based on Rucci's unsuccessful attempts to associate with local counsel, failure to obtain proper admittance to the court, and failure to respond to or file any documents in the R&D Litigation, resulting in the entry of default judgment against Western Thrift.  Western Thrift contends that it did not know that Rucci failed to be admitted to represent Western Thrift, and so it did not know that it was unrepresented until it was too late.  Accordingly, Western Thrift asserts that Rucci was negligent and breached his agreement to adequately represent Western Thrift in the R&D Litigation.

## II.   DISCUSSION

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must establish a prima facie case that the forum state has personal jurisdiction over the defendant.  *Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.,* 89 F.3d 519, 522 (8th Cir.1996).  A court must view the evidence in the light most favorable to the plaintiff when deciding whether the plaintiff has made the requisite showing.  *Id.*  The court must determine whether the exercise of personal jurisdiction over a non-resident defendant complies with the state long-arm statute, and if so, whether it comports with due process.  *Id.*  Minnesota's long-arm statute, Minn. Stat. § 543.19, confers jurisdiction to the fullest extent permitted by due process.  *Coen v. Coen,* 509 F.3d 900, 905 (8th Cir.2007); *In re Minn. Asbestos Litig.,* 552 N.W.2d 242, 246 (Minn.1996).  The Court

therefore need only consider whether the requirements of due process are satisfied to resolve the jurisdictional challenges. *Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.,* 65 F.3d 1427, 1431 (8th Cir.1995); *Valspar Corp. v. Lukken Color Corp.,* 495 N.W.2d 408, 411 (Minn.1992).

Due process allows a court to exercise personal jurisdiction over a non-resident defendant if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)). The defendant's contacts with the state must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). The defendant must act so as to "purposefully avail [ ] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958).

Five factors determine whether the exercise of personal jurisdiction over a defendant comports with due process. *See Nw. Airlines, Inc. v. Astraea Aviation Servs., Inc.,* 111 F.3d 1386, 1390 (8th Cir.1997). The factors are: (1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the forum state's interest in providing a forum for its residents; and (5) the convenience of the parties. *Id.* The last two factors are secondary. *Id.* The third factor distinguishes general jurisdiction from specific jurisdiction. *See Wessels,* 65 F.3d at 1432 n.4. The defendant's maintenance of continuous and systematic contacts with a state may subject him to the state's general jurisdiction, that is, the state may assert personal jurisdiction over the defendant in a suit regardless of where the cause of action arose. *See id.* Specific jurisdiction

refers to the state's assertion of personal jurisdiction over a defendant in a suit that arises out of or relates to the defendant's contacts with the state. *See id.*

Western Thrift asserts that Rucci is subject to specific personal jurisdiction in Minnesota because the current lawsuit arises out of or relates to Rucci's contacts with Minnesota during the R&D Litigation. Rucci argues that he does not have the requisite minimum contacts to be subject to personal jurisdiction in Minnesota, and that litigation in this forum would be inconvenient for the parties.[2]

**A. Rucci's Contacts with Minnesota**

The Court first examines the quantity, nature and quality of Rucci's contacts with Minnesota and the relation of the cause of action to those contacts. Because these factors are closely interrelated, they may be considered together. *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1388 (8th Cir. 1995). Rucci asserts that he has never been to Minnesota, has no offices or property in Minnesota, and is not licensed to practice law in Minnesota. He also argues that his only communications with the R&D defendants occurred in California or Ohio, not Minnesota. Rucci's contacts with Minnesota are: his unsuccessful application for admission pro hac vice in the R&D Litigation; his communications with this Court with respect to that application; his contacts with, by his count, four different local attorneys in his attempt to associate with local counsel; and his filing of the notice of bankruptcy with this Court in the R&D Litigation. These contacts are all directly related to his representation, or attempted representation, of Western Thrift in the R&D Litigation, which is the selfsame conduct upon which the current lawsuit is based.

---

[2]  Rucci also makes numerous arguments regarding the merits of the case, such as whether he should be held accountable for the Court's entry of default judgment against Western Thrift. Such arguments are not relevant to the personal jurisdiction analysis and the Court will not address them in this Order.

Rucci contends that his application for admission pro hac vice is an insufficient basis upon which to exercise personal jurisdiction. First, the Court notes that it is not relying solely upon his application—in addition to the application itself, Rucci also continued to communicate with the Court regarding that application and contacted Minnesota attorneys in an attempt to associate with local counsel. Moreover, the cases Rucci cites to support his argument are inapposite—they stand only for the proposition that "an attorney's *pro hac vice* appearance in an *unrelated* matter in the forum fails to establish *general* personal jurisdiction." *Wolk v. Teledyne Indus., Inc.*, 475 F. Supp. 2d 491, 502 (E.D. Pa. 2007) (emphasis added); *see also Ajax Enters., Inc. v. Szymoniak Law Firm, P.A.*, No. 05-5903 (NLH), 2008 WL 1733095, at *4 (D.N.J. Apr. 10, 2008); *Di Loreto v. Costigan*, 600 F. Supp. 2d 671, 692 (E.D. Pa. 2009). Here, Rucci's pro hac vice application was in a *related* manner, and is being used to establish *specific* personal jurisdiction. True, Rucci's application was ultimately denied, but that is hardly dispositive—Western Thrift's current suit directly arises from and relates to Rucci's unsuccessful attempt to become admitted pro hac vice in the R&D Litigation.

Rucci also cites *Austad Co. v. Pennie & Edmonds*, 823 F.2d 223 (8th Cir. 1987), for the proposition that an out-of-state attorney who works on matters involving in-state residents is not automatically subject to personal jurisdiction. *Austad*, however, involved a South Dakota plaintiff who brought suit in a South Dakota court against its previous New York lawyers, alleging malpractice in connection with a previous action in Maryland court. In that case, the Eighth Circuit Court of Appeals noted that "the actions giving rise to this lawsuit took place in Maryland, not in South Dakota." *Id.* at 226. Because the defendant's "only 'substantial connection' with South Dakota was its representation of a South Dakota corporation in connection with litigation taking place wholly outside South Dakota," the court found that the

defendant had not "purposefully availed itself of the benefits and protections of the laws of South Dakota." *Id.* at 226-27.  Rucci's connections with Minnesota, however, relate to his representation of Western Thrift in connection with litigation taking place not wholly outside, but wholly *inside* the state.  Thus, *Austad* does not apply.

Because the cause of action is so intimately related to Rucci's various contacts with Minnesota, these first three factors weigh strongly in favor of this Court's exercise of personal jurisdiction over Rucci in this case.

### B.  Minnesota's Interest in Providing a Forum

Minnesota has an interest in providing a forum for this litigation because Rucci's allegedly defective representation occurred here in Minnesota.  When entering a default judgment against Western Thrift in the R&D Litigation, this Court noted that "Rucci did not take the steps necessary to be admitted to practice before this court, nor did he secure substitute counsel as required by the magistrate judge's April 1, 2009, order."  The Court imputed Rucci's failure to defend to Western Thrift.  Because it was this Court that held Western Thrift liable for Rucci's conduct in the R&D Litigation, this Court has an interest in the current lawsuit arising from that conduct.

### C.  Convenience of the Parties

Rucci contends that any interest Minnesota has in this litigation is greatly outweighed by the inconvenience of the parties, because the parties and witnesses are not located in Minnesota. Rucci, however, was ready and willing to litigate in this forum when he applied for admission pro hac vice in the R&D Litigation.  In that case, Rucci not only "request[ed] permission to appear and participate as an attorney at law on behalf of defendants" in Minnesota, but he also "agree[d] to participate in the preparation and the presentation of the case" in Minnesota.

7

Rucci's argument based on his own inconvenience is unavailing. Western Thrift asserts that a number of witnesses had previously voluntarily appeared in Minnesota in connection with the R&D Litigation, and that much of the documentation related to this current lawsuit is located in Minnesota. Accordingly, this factor does not weigh against the exercise of personal jurisdiction over Rucci.

### III. CONCLUSION

The underlying conduct that forms the basis for Western Thrift's claims occurred in Minnesota: Rucci attempted to become admitted pro hac vice to represent Western Thrift in Minnesota, Rucci communicated with this Court regarding representing Western Thrift in Minnesota, Rucci filed notices and motions in this Court in the R&D Litigation, and ultimately this Court entered a default judgment against Western Thrift in Minnesota, based at least in part upon Rucci's conduct. Rucci purposefully availed himself of the privilege of conducting activities within Minnesota, and Western Thrift's cause of action arises out of and relates to Rucci's contacts with Minnesota during the R&D Litigation. This Court's exercise of personal jurisdiction over Rucci in this matter is appropriate.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Rucci's Motion to Dismiss for Lack of Personal Jurisdiction [Docket No. 6] is DENIED.

Dated: March 27, 2012

                                                      Ss/ Joan N. Ericksen
                                                      JOAN N. ERICKSEN
                                                      United States District Judge