UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Western Thrift and Loan Corp.,

    Plaintiff,

v.                                                                                                                                             No. 11-cv-3644 (JNE/TNL)
                                                                                                                                              ORDER

Sebastian Rucci,

    Defendant.

---

      Western Thrift sued Rucci, its former attorney, alleging negligence/malpractice and breach of contract. Rucci moved to dismiss for lack of personal jurisdiction, and the Court denied the motion. *W. Thrift & Loan Corp. v. Rucci*, No. 11-3644 JNE/TNL, 2012 WL 1021681 (D. Minn. Mar. 27, 2012). At the same time that Western Thrift filed its Complaint, it also brought a Motion for Declaration that Minn. Stat. § 544.42 Does not Apply or, Alternatively, Waiver by the Court of Certification of Expert Review. On June 26, 2012, Rucci filed a Corrected Motion to Dismiss for Non-Compliance with Minn. Stat. § 544.42. Western Thrift's Motion and Rucci's Motion are considered together. Based on the written submissions, the Court denies both parties' Motions.

## I.     BACKGROUND

      In a previous legal proceeding (the "R&D Litigation"), various Minnesota residents brought suit against Western Thrift and other defendants, including Homeowners Lending Corporation ("HLC"), in the United States District Court, District of Minnesota (Civil File No. 07-4306 DSD/JJG). According to Western Thrift, the R&D Litigation related to the Minnesota plaintiffs' relationship with HLC, not with Western Thrift. Western Thrift and HLC were parties

1

to a Service Agreement, under which HLC was required to defend, indemnify and hold Western Thrift harmless with respect to the R&D Litigation. Pursuant to this agreement, Western Thrift tendered the defense of the R&D Litigation to HLC, and HLC agreed to defend the lawsuit.

Initially, HLC retained another law firm (the "Patterson firm") to represent the defendants in the R&D Litigation, but HLC discharged the Patterson firm and retained Rucci to represent the defendants—this included representation of Western Thrift. Rucci was not admitted to practice law in Minnesota. On March 24, 2009,[1] he filed an application for admission pro hac vice to represent the defendants in the R&D Litigation. In his application, he "request[ed] permission to appear and participate as an attorney at law on behalf of defendants" and "agree[d] to participate in the preparation and the presentation of the case . . . and accept service of all papers served." Because he was not associated with local counsel, his application was denied on March 26. On April 2, 2009, the Court granted the Patterson firm's motion to withdraw, ordering the firm to send a letter to all defendants advising them of the withdrawal. The Court also ordered that the defendants obtain new counsel before May 1, 2009. On April 3, 2009, the Patterson firm notified Western Thrift that it was withdrawing as counsel, and that it had been informed that Rucci would be taking over the case. On May 5, 2009, Rucci emailed an informal request to the magistrate judge, seeking an extension of time to associate with local counsel. In that letter, Rucci explained that he had "contacted four local attorneys, but ha[d] not been able to find one willing to act as local counsel, at the cost offered by the Defendant." The magistrate judge denied the motion on May 12, 2009.

On May 26, 2009, the plaintiffs in the R&D Litigation moved for entry of default against the defendants—their motion against Western Thrift was based on Western Thrift's failure to

---

[1] Rucci's application is dated March 9, 2009, but was filed on March 24, 2009.

timely obtain new counsel. On June 9, 2009, Rucci, on behalf of HLC, filed in this Court a notice of filing bankruptcy, which stayed the R&D Litigation. In October 2009, the stay was lifted. A pretrial conference was held on November 30, 2009. No attorney appeared on behalf of Western Thrift. Although Rucci had been receiving copies of all the notices and submissions in the R&D Litigation, he did not participate in any manner after filing the bankruptcy notice. On January 21, 2010, the plaintiffs in the R&D Litigation again filed a motion for entry of default judgment against the defendants. The Court granted the motion on May 10, 2010, stating that "Rucci did not take the steps necessary to be admitted to practice before this court, nor did he secure substitute counsel as required by the magistrate judge's April 1, 2009, order. The court imputes Rucci's failure to defend this case to Western Thrift, and default judgment is warranted on this basis." *R & D Fin. Solutions, Inc. v. W. Thrift & Loan Corp.*, No. 07-4306 (DSD/JJG), 2010 WL 1875516, at *2 (D. Minn. May 10, 2010). Western Thrift subsequently entered into a settlement agreement with the R&D plaintiffs.

Western Thrift filed the current action against Rucci based on Rucci's unsuccessful attempts to associate with local counsel, failure to obtain proper admittance to the court, and failure to respond to or file any documents in the R&D Litigation, resulting in the entry of default judgment against Western Thrift. Western Thrift contends that it did not know that Rucci failed to be admitted to represent Western Thrift, and so it did not know that it was unrepresented until it was too late. Accordingly, Western Thrift asserts that Rucci was negligent and breached his agreement to adequately represent Western Thrift in the R&D Litigation.

## II.   DISCUSSION

### A.  Minnesota Statutes § 554.42 applies

Minnesota Statutes § 544.42 requires a plaintiff bringing a malpractice claim, where expert testimony is necessary to prove a prima facie case, to consult with an expert and submit specified affidavits in the earliest stages of the litigation. Section 544.42 provides in part:

> **Subd. 2. Requirement.** In an action against a professional alleging negligence or malpractice in rendering a professional service where expert testimony is to be used by a party to establish a prima facie case, the party must:
>
> (1) unless otherwise provided in subdivision 3, paragraph (a), clause (2) or (3), serve upon the opponent with the pleadings an affidavit as provided in subdivision 3; and
>
> (2) serve upon the opponent within 180 days an affidavit as provided in subdivision 4.
>
> **Subd. 3. Affidavit of expert review.** (a) The affidavit required by subdivision 2, clause (1), must be drafted by the party's attorney and state that:
>
> (1) the facts of the case have been reviewed by the party's attorney with an expert whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial and that, in the opinion of this expert, the defendant deviated from the applicable standard of care and by that action caused injury to the plaintiff; . . .

Minn. Stat. § 544.42 (2010). Section 544.42 was enacted to eliminate frivolous malpractice lawsuits. *See Meyer v. Dygert*, 156 F. Supp. 2d 1081, 1090 (D. Minn. 2001).

Western Thrift argues that expert testimony is not necessary to establish a prima facie case and thus, Minnesota Statutes § 544.42 does not apply. A prima facie case of negligence/malpractice requires showing: "(1) the existence of an attorney-client relationship; (2) acts constituting negligence or breach of contract; (3) that such acts were the proximate cause of

4

the plaintiff's damages; [and] (4) that but for defendant's conduct, the plaintiff would have been successful in the prosecution or defense of the action." *Jerry's Enters., Inc. v. Larkin, Hoffman, Daly & Lindgren, Ltd.*, 711 N.W.2d 811, 816 (Minn. 2006) (quoting *Blue Water Corp. v. O'Toole*, 336 N.W.2d 279, 281 (Minn. 1983)). "Expert testimony is generally required to establish the 'standard of care applicable to an attorney whose conduct is alleged to have been negligent, and further to establish whether the conduct deviated from that standard.'" *Id.* at 817 (quoting *Admiral Merchs. Motor Freight, Inc. v. O'Connor & Hannan*, 494 N.W.2d 261, 266 (Minn. 1992)). But in straightforward cases such as "an obviously missed deadline or a clear case of stealing client funds," an expert is not necessary for a finding of malpractice. *Meyer*, 156 F. Supp. 2d at 1091. This exception, however, "is for the 'rare' and 'exceptional' case." *Fontaine v. Steen*, 759 N.W.2d 672, 677 (Minn. Ct. App. 2009) (quoting *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 191 (Minn. 1990)).

Western Thrift argues that it is under no obligation to provide an affidavit because this is a simple case of a missed deadline. But Western Thrift does not cite a single case where a court has found—for reasons of the simplicity of the alleged malpractice or otherwise—that the statute does not apply. It cites *Meyer v. Dygert* for the proposition that straightforward malpractice cases do not require an expert. The court in *Meyer*, however, ultimately found that an expert was required to prove malpractice involving investment advice. *Meyer*, 156 F. Supp. 2d at 1089. Here, the issue is not simply whether Rucci missed a filing deadline. Instead, it is alleged that he "failed to adequately and completely represent Western Thrift in the Underlying Lawsuit, by failing to obtain proper admittance to the Court, failing to associate with local counsel, and failing to respond or file any further documents in the Underlying Lawsuit on behalf of Western Thrift, his client." (Compl. 52, ECF No. 1). These allegations necessarily require an

understanding of the scope of an attorney's professional duties when representing a client in a lawsuit. For example, Rucci attempted to gain admission to this Court, and his timely motion was denied. Whether he had a duty to make continued attempts or discuss the problem with his client is more complicated than a simple missed deadline. Additionally, the decision to file or not file certain documents can be a matter of strategy rather than a duty. Further, this case presents questions as to whether an attorney-client relationship even existed between the parties. The alleged attorney-client relationship was formed through Western Thrift's debtor, HLC. A bankruptcy petition, filed by HLC while the R&D Litigation was pending, created a potential conflict of interest for Rucci. Rucci's involvement with HLC's bankruptcy proceedings, where Western Thrift was the largest creditor, creates questions as to Rucci's duties in his ongoing representation of Western Thrift in the R&D Litigation. Finally, causation is not completely clear in this case. Western Thrift asserts that because Rucci did not attend the default judgment hearing, judgment was entered against it. But the record indicates that Western Thrift may bear some responsibility for the default judgment, and thus Rucci's inaction may not have been the "but for" cause of the judgment against Western Thrift. *See R & D Fin. Solutions*, 2010 WL 1875516, at *2 ("Western Thrift's willful neglect of this case contributed to Defendants' failure to defend over a two-and-one-half year period and default judgment is also warranted on this basis."). This case presents more complicated issues of client representation than merely missing a deadline. An expert is necessary in determining whether an attorney-client relationship existed, whether Rucci breached his duties, and if Rucci's breach was the but for cause of Western Thrift's unsuccessful defense in the R&D litigation. Thus Minnesota Statutes § 544.42 applies in this case.[2]

---

[2]   Rucci makes much of the fact that, in the parties' Joint Rule 26(f) Report, Western Thrift

### B. Western Thrift complied with Minnesota Statutes § 544.42

Rucci argues that because § 544.42 applies and Western Thrift has not filed the required affidavits, the case must be dismissed with prejudice. Rucci is correct that the penalty for noncompliance with the expert certification requirements is harsh: "Failure to comply with subdivision 2, clause (1), within 60 days after demand for the affidavit results, upon motion, in mandatory dismissal of each cause of action with prejudice as to which expert testimony is necessary to establish a prima facie case." Minn. Stat. § 544.42, subd. 6(a). But § 544.42 provides a procedure for plaintiffs to obtain a waiver of the expert certification requirement.

> The certification of expert review required under this section may be waived or modified if the court where the matter will be venued determines, *upon an application served with commencement of the action*, that good cause exists for not requiring the certification. Good cause includes, but is not limited to, a showing that the action requires discovery to provide a reasonable basis for the expert's opinion or the unavailability, after a good faith effort, of a qualified expert at reasonable cost. If the court waives or modifies the expert review requirements, the court shall establish a scheduling order for compliance or discovery. *If the court denies a request for a waiver under this subdivision, the plaintiff must serve on the defendant the affidavit required under subdivision 2, clause (1), within 60 days, and the affidavit required under subdivision 2, clause (2), within 180 days*.

Minn. Stat. § 544.42, subd. 3(c) (emphasis added). Western Thrift filed an affidavit, signed by its attorney, and this motion on the same day it filed its Complaint. (ECF Nos. 2 and 4). The affidavit stated:

> This Affidavit is submitted pursuant to Minnesota Statute § 544.42, subd. 3(a)(3), . . . Western Thrift does not believe expert testimony is necessary to establish a prima facie case against Rucci; however,

---

agreed that "[t]he parties expect to call no more than 1 expert witness each." (Report, ECF No. 20). The Court does not see how this bears on whether the statute applies and whether Western Thrift complied with § 544.42. As Western Thrift explains, the agreement in the discovery plan covered a situation where the Court found the statute to apply and denied Western Thrift's request for waiver. In such a situation, Western Thrift agreed to call no more than one expert.

7

> out of an abundance of caution, Western Thrift has served an
> application for a waiver by the court of the certification of expert
> review required under Minn. Stat. § 544.42, subd. 2,
> contemporaneous with the commencement of this action in
> accordance with Minn. Stat. § 5644.42, subd. 3(c).

(Liesinger Aff. 2-4, ECF No. 4). This is precisely what § 544.42, subd. 3(c) requires when a party desires a waiver of the expert certification requirement. *See Fontaine*, 759 N.W.2d at 677 ("To minimize [the] risk [of dismissal with prejudice], the statute . . . provides that the party bringing the action may apply for a waiver or modification of the affidavit requirements at the time the action is commenced and that the district court may determine that 'good cause exists for not requiring the certification.'" (quoting Minn. Stat. § 544.42, subd. 3(c))). The Court finds that Western Thrift complied with § 544.42.

Rucci cites numerous cases where courts found dismissal mandatory. But none of his cited cases involved a situation where the plaintiff actually filed the required application for waiver at the commencement of the suit. Rucci also suggests that the statute mandates that the second required affidavit—that of expert disclosure—must be filed 180 days after the complaint even if the Court has not yet ruled on a plaintiff's outstanding motion to waive the expert certification requirement. Such an interpretation of § 544.42, subd. 3(c) would render the waiver procedure therein unusable. *See United States v. Days Inns of Am., Inc.*, 151 F.3d 822, 825 (8th Cir. 1998) ("Courts should interpret statutory language in a manner that gives effect to all terms so as to avoid rendering terms useless." (citing *Moskal v. United States*, 498 U.S. 103, 109-10 (1990))). The statute provides that where a court denies the waiver, the plaintiff then has 60 and 180 days respectively to serve the defendant with the required affidavits.

For the same reasons as § 544.42 applies, the Court does not find good cause to waive the expert certification requirement. The Court denies Western Thrift's properly submitted request

for waiver of the expert certification requirement. Western Thrift has 60 days from the date of this order to serve on Rucci the affidavit required under § 544.42, subd. 2, cl. (1). Further, Western Thrift must serve the affidavit required under § 544.42, subd. 2, cl.(2) within 180 days.

### III.     CONCLUSION

Based on the files and records, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff's Motion for Declaration that Minn. Stat. § 544.42 Does not Apply or, Alternatively, Waiver by the Court of Certification of Expert Review [Docket No. 2] is DENIED.

2. Defendant's Corrected Motion to Dismiss [Docket No. 35] is DENIED.

3. Plaintiff has 60 days after entry of this Order to comply with Minn. Stat. § 544.42, subd. 2, cl. (1) and 180 days after entry of this Order to comply with Minn. Stat. § 544.42, subd. 2, cl.(2).

Dated:  July 31, 2012

   s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge