UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Western Thrift and Loan Corp.,

    Plaintiff,

v.                                                     Civil No. 11-3644 (JNE/TNL)
                                                       AMENDED ORDER

Sebastian Rucci,

    Defendant.

This case is before the Court on a Report and Recommendation issued by the Honorable Tony N. Leung, United States Magistrate Judge, on July 9, 2013. Plaintiff Western Thrift and Loan ("Western Thrift") moved for summary judgment and the magistrate judge recommended that the motion be denied and that the action be dismissed for failure to comply with Minnesota Statutes § 544.24 and this Court's July 31, 2012 Order. Plaintiff objected; Defendant has not responded. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b).

On June 26, 2012, Defendant Sebastian Rucci ("Rucci") filed a Corrected Motion to Dismiss for Non-Compliance with Minn. Stat. § 544.42. *See* ECF No. 35. In this Court's July 31, 2012 Order, the Court denied Defendant's motion, finding that Minnesota Statutes § 544.42 applied and that Western Thrift had complied with the statute by filing an application for a waiver of the expert certification requirement along with its Complaint and rejecting Defendant's argument that the affidavit of expert disclosure must be filed 180 days after the Complaint notwithstanding a pending motion to waive the expert certification requirement. The Court denied Western Thrift's waiver application and ordered Western Thrift to serve on Defendant the affidavit of expert review required under § 544.42, subdiv. 2, cl. (1) within 60 days of the Order (by September 29, 2012), and to serve the affidavit required under § 544.42, subdiv. 2, cl. (2) within 180 days of the Order (by January 28, 2013).

1

Western Thrift subsequently filed a Motion for Summary Judgment on January 30, 2013. *See* ECF No. 47. The matter was referred to the magistrate judge for a report and recommendation. Based upon the written submissions, the magistrate judge recommended dismissal of the action for Western Thrift's failure to comply with Minn. Stat. § 544.42 and this Court's July 31, 2012 Order. The magistrate judge noted that there was nothing in the record, such as a certificate of service, indicating that Defendant had been served with the expert affidavits within the timeframe ordered by the Court. Instead, the record contained only the date upon which the expert swore to the truth of the statements contained in his affidavit. Rucci, however, never asserted that Western Thrift failed to comply with the timeline imposed by this Court's July 31, 2012 Order. Rather, in his opposition to Western Thrift's Motion for Summary Judgment, Rucci rehashed his previously unsuccessful arguments that Western Thrift failed to comply with Minnesota Statutes § 544.42 by failing to serve an affidavit of expert review along with the Complaint and by failing to serve an affidavit of expert disclosure within 180 days of the service of the Complaint. The Court had already explicitly rejected those arguments and held that Western Thrift had 60 and 180 days *after entry of the July 31, 2012 Order* in which to comply with the affidavit requirements. *See* July 31, 2012 Order, at 8 (ECF No. 42). Given that Rucci never raised the issue as to whether Western Thrift complied with the timeline set forth in the Court's July 31 Order, Western Thrift was under no obligation to provide evidence, such as an affidavit of service, indicating that it had so complied. Moreover, Western Thrift has since provided the Court with an Affidavit of Service, indicating that it served Rucci with the required affidavits on September 25, 2012, in compliance with the Court's Order and Minnesota Statutes § 544.42.

The Court therefore finds that Western Thrift has complied with Minn. Stat. § 544.42 and this Court's July 31, 2012 Order. The objections to the Report and Recommendation are sustained and the Court declines to adopt the Report and Recommendation [Docket No. 66]. This matter is recommitted to the magistrate judge with instructions to further consider Western Thrift's Motion for Summary Judgment.

IT IS SO ORDERED.

Dated: August 21, 2013

s/Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge